Plaintiff Alexander M. Flint ("Flint") filed a *pro se* Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourth, Fifth, and Seventh Amendments and seeking relief in the form of compensatory and punitive damages.

First, Flint alleges that Defendant Harris County (and more specifically, trial court Judge Frank Rynd, who is not named as a Defendant) violated his Fifth and Seventh Amendment rights by denying several motions regarding the custody and visitation of his son, allowing Harris County prosecutors to bring criminal charges against him in a civil court, and postponing his trial date on multiple occasions. (Compl. ¶¶ 1-7.) Second, Flint alleges that Defendant Gill, Revack, Samaan & Muller, a Texas law firm, violated his Fourth and Fifth Amendment rights by attempting to bring criminal charges against him in a civil proceeding regarding the custody dispute. (*Id.* ¶¶ 8-9.) Third, Flint alleges that Defendant Pasadena Police Department violated his Fourth and Fifth Amendment rights by failing to take action in response to several notifications that Kija Earley, the mother of Flint's son, failed to comply with court-ordered visitations. (*Id.* ¶¶ 10-14.) Finally, Flint alleges that Defendant Harris County District's Attorney Office, including individual Defendants Jane Waters and Beth Barron, violated his constitutional rights when they took no action against Earley after Flint notified them that she violated court orders by denying him access to their child. (*Id.* ¶ 15.)

Flint's Complaint is dismissed, *sua sponte*, for improper venue and lack of personal jurisdiction because this Court is not the proper venue for the case nor does it have jurisdiction over any of the named defendants. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177 (7th Cir. 1989) ("a district court's obligation to review its own jurisdiction is a matter that must be raised sua sponte"). Civil actions wherein jurisdiction is not founded solely on the basis of diversity may be brought only in a judicial district where any defendant resides (if all reside in the same state), a judicial district in which a substantial amount of the events or omissions giving rise to the claim occurred, or a judicial district in which any defendant may be found, if there is "no other district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Because none of the defendants resides in Illinois and none of the events giving rise to the cause of action occurred in Illinois, this Court is an improper venue.

More critically, the Complaint must be dismissed because the Court lacks personal jurisdiction over the defendants. In order to determine a defendant's rights and obligations, a Court must have personal jurisdiction over that defendant. *See Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction requires that the defendant either be domiciled, personally served, or have sufficient contacts with the state in which the court is located. *Id.* These contacts must be sufficient enough to ensure that exercising jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *Id.* (citing *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In this case, none of the named Defendants are domiciled in Illinois nor have they been personally served in the state. It is clear that all of the Defendants operated in the state of Texas and that all of the events giving rise to Flint's alleged causes of action occurred in Texas. Furthermore, Flint's Complaint does not establish that any of the Defendants have sufficient contacts with the state of Illinois such that pursuing claims against them in the state would not offend "traditional notions of fair play and substantial justice." *Id.* The mere fact that Flint now resides in Illinois does not allow him to sue the Defendants in a state with which they have no connection.

Flint's Complaint is dismissed for improper venue and lack of personal jurisdiction.